IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 23 2007

GREGG... / ...NGHAM
CLERK

Civil Action No. 05-cv-02635-ZLW

ERIC JOSEPH LAURSON,

    Applicant,

v.

RON LEYBA, Warden at A.V.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant Eric Joseph Laurson has filed *pro se* on March 14, 2007, a document titled "Relief From Judgment Pursuant to Rule 60, F.R.C.P." in which he asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on March 14, 2006. The Court must construe the request liberally because Mr. Laurson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the request will be construed liberally as a motion to reconsider. For the reasons stated below, the liberally construed motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final

judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Laurson's motion to reconsider, which was filed more than ten days after the Court's Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See* **Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant habeas corpus action as barred by the one-year limitation period. The Court dismissed the action after Mr. Laurson failed to respond to an order directing him to show cause why the action should not be dismissed. In his motion to reconsider, Mr. Laurson alleges that he timely sought an extension of time to respond to the show cause order and that he inadvertently used the wrong case number, 05-cv-02402-BNB, on the motion for an extension of time.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Laurson fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. No motion for an extension of time was filed by Mr. Laurson either in the instant action or in 05-cv-02402-BNB. Furthermore, Mr. Laurson provides no explanation for his failure to seek reconsideration for an entire year after the Court entered its order dismissing the instant action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the document titled "Relief From Judgment Pursuant to Rule 60, F.R.C.P." filed on March 14, 2007, which the Court has construed as a motion to reconsider, is denied.

DATED at Denver, Colorado, this **21** day of **March**, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02635-BNB

Eric Joseph Laurson
Prisoner No. 99598
Arkansas Valley Corr. Facility
PO Box 1000 – Unit 5
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  3-23-07

GREGORY C. LANGHAM, CLERK

By: _____
　　　Deputy Clerk